GREENAWAY, Jr., Circuit Judge,
dissenting.
By condoning Parham’s tactic to proceed under Fed.R.Civ.P. 60(b), the majority offers solace to a category of litigants that our jurisprudence under the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”) would preclude from seeking relief in this Court. Less than a year after we denied his application to file a successive habeas petition to press his actual innocence claim for the second time, Parham, undeterred, tried again. Now in its third iteration, Parham sought to litigate his actual innocence under the guise of Rule 60(b), as a challenge to the District *186 Court’s resolution of his first habeas petition in which he brought this exact claim.
His latest attempt to elude successive habeas treatment has proved procedurally fruitful. The majority pauses only briefly to consider and reject the Commonwealth’s argument that Parham’s appeal from the denial of his Rule 60(b) motion should have been treated as a successive habeas petition under AEDPA. The majority proceeds to determine that Parham’s evidence of actual innocence fails to satisfy the standard set forth in Schlup v. Delo, 513 U.S. 298, 324, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), to permit him to revive his defaulted ineffective assistance of counsel claim.
Although I agree that Parham’s actual innocence claim fails, I believe that consideration of the merits of Parham’s actual innocence claim is an exercise in futility. I think that Parham’s Rule 60(b) motion effectuated an improper end-run of AED-PA’s conditions for filing a successive ha-beas petition. The District Court was without jurisdiction to consider his Rule 60(b) motion, and we are without jurisdiction to consider the propriety of that decision on appeal. I fear that the majority creates a procedural blueprint for litigants seeking to have their successive habeas claims heard on the merits without yielding to the strictures that AEDPA imposes. For this reason, I respectfully dissent.
I. Relevant Facts and Procedural History
In April 2005, Parham filed his first federal habeas petition in the District Court, pursuant to 28 U.S.C. § 2254. Adopting the Magistrate Judge’s Report and Recommendation, the District Court dismissed the petition as untimely, in May 2006. The District Court rejected Par-ham’s argument that he was entitled to equitable tolling of the statute of limitations based on actual innocence. Although the District Court recognized that neither the Supreme Court nor this Court had ever recognized equitable tolling of the one-year statute of limitations in § 2244(d)(1) on the basis of actual innocence, the District Court determined that, in any event, Parham’s evidence failed to meet the necessary threshold to demonstrate actual innocence.
In October 2009, Parham sought leave from this Court to file a successive habeas petition, again alleging actual innocence based on several pieces of “new” evidence. We denied Parham’s request in December 2009, concluding that Parham’s new evidence of his innocence failed to satisfy § 2244(b)(2).[1] Armed with two decisions addressing the strength of his actual innocence evidence, Parham was able to refuel and marshal additional evidence of his purported innocence.
Instead of submitting another application for leave to file a successive habeas petition, in December 2010, Parham changed course and attached his third adaptation of his actual innocence evidence to a motion that he filed in the District Court. In this motion, titled “Independent Action to Obtain Relief From Judgment or Order Pursuant to Rule 60(b) F.R.Civ. P.,” Par-ham argued that the District Court erred by dismissing as untimely his April 2005 habeas petition — the first federal petition he filed in this case — without considering the petition on the merits.[2]
*187 While couched as a challenge to the District Court’s dismissal based on AED-PA’s statute of limitations, rendered over four years earlier, Parham made clear that he was not abandoning his previous attempts to prove his innocence. Part C of Parham’s motion, titled “Pertinent Facts,” argued once again the substance of his alibi on the day of the shooting. Specifically, Parham explained how each of the five pieces of “new” evidence attached to his motion gave credence to his alibi. After the District Court denied the motion, Parham filed a timely appeal.
II. Gonzalez v. Crosby
As an initial matter, we must determine whether Parham’s Rule 60(b) motion constituted a successive habeas petition that was brought without adherence to AED-PA’s mandates.
In Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), the Supreme Court provided a framework for district courts to employ when determining whether a motion couched under Rule 60(b) should be treated as a successive habeas petition under AEDPA, 28 U.S.C. § 2244(b).[3] The Court iterated that § 2244(b) applies when a Rule 60(b) motion presents one or more “claims.” Gonzalez, 545 U.S. at 530, 125 S.Ct. 2641. As the Court explained, a Rule 60(b) motion “that seeks to add a new ground for relief,” or a Rule 60(b) motion that “attacks the federal court’s previous resolution of a claim on the merits, ” both proffer claims that fall within the purview of § 2244(b). Id. at 532, 125 S.Ct. 2641. On the other hand, a claim is not present when a Rule 60(b) motion “attacks, not the substance of the federal court’s resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.” Id.
The Court provided several examples of Rule 60(b) motions that present claims within the meaning of § 2244(b) and are subject to AEDPA’s restrictions on successive habeas petitions. Relevant to Par-ham’s case is the scenario where the inmates seeks relief under Rule 60(b) on the basis of newly discovered evidence. See Fed.R.Civ.P. 60(b)(2). Although labeled a Rule 60 motion, the Court determined that “[a] habeas petitioner’s filing that seeks vindication of such a claim is, if not in substance a ‘habeas corpus application,’ at least similar enough that failing to subject it to the same requirements would be ‘inconsistent with’ [§ 2244(b) ].” Gonzalez, 545 U.S. at 531, 125 S.Ct. 2641.
At issue in Gonzalez was a Rule 60(b) motion that the Court concluded did not present a claim under AEDPA—a challenge to the District Court’s determination that AEDPA’s statute of limitations had run. Id. at 533, 125 S.Ct. 2641. The Court reasoned that a challenge based on a misapplication of a federal statute of limitations did not “substantively address[] federal grounds for setting aside the movant’s state conviction.” Id.
III. Parham’s Rule 60(b) Motion Presents a “Claim” Under AEDPA
The majority is quick to dismiss any notion that Parham’s Rule 60(b) motion *188 constituted a successive habeas petition based on the rationale of Gonzalez. I am not so convinced. Indeed, Parham’s Rule 60(b) motion precludes a straightforward application of Gonzalez, bearing the hallmarks of both a procedural motion that can proceed under Rule 60(b) and a substantive motion that presents a “claim,” as contemplated by AEDPA. On the one hand, Parham appears to challenge the District Court’s dismissal predicated on AEDPA’s one-year statute of limitations, which he claims prevented a merits determination.[4] The Gonzalez Court concluded that such a challenge to a procedural ruling was “not the equivalent of a successive habeas petition,” id. at 535-36, 125 S.Ct. 2641, because it was not a substantive basis for relief on federal grounds, id. at 533, 125 S.Ct. 2641.[5]
On the other hand, Parham attached five pieces of “new” evidence to his Rule 60(b) motion, some of it evidence that Parham had previously attached to his application for leave to file a successive habeas petition. As the Gonzalez Court made clear, the presentation of newly discovered evidence is akin to mounting a “claim” that must be brought in accordance with the requirements of AEDPA. Id. at 531, 125 S.Ct. 2641.
The majority devotes only two sentences of analysis to this inherent tension in Gonzalez, simply stating, without support, that Parham’s “ ‘new’ evidence does not transform a gateway claim into the assertion of a federal basis for relief.” (Majority Op. at 184.) For the majority, Parham was permitted to present his new evidence in a Rule 60(b) motion without the need to comply with AEDPA.
I believe that this conclusion is antithetical to the spirit of Gonzalez and, more importantly, in contravention of this Court’s precedent. The Federal Rules of Civil Procedure apply to habeas proceedings “only ‘to the extent that [they are] not inconsistent with’ applicable federal statutory provisions and rules.” Gonzalez, 545 U.S. at 524, 125 S.Ct. 2641 (quoting 28 U.S.C. § 2254). This principle is grounded in the understanding that Rule 60(b) cannot be used as a mechanism to circumvent the more stringent standards that AEDPA imposes on successive habeas petitions. Id. at 531-32, 125 S.Ct. 2641. Permitting Parham to proceed under Rule 60(b) violates this governing principle.
Parham makes clear in his Rule 60(b) motion that he continues to contest the District Court’s decision, in its May 2006 ruling, that his actual innocence claim was not meritorious. In fact, Parham sought to use his Rule 60(b) motion as an opportunity to not only reconfigure and supplement his actual innocence evidence, but to explain how each piece of evidence supports his alibi. If Parham were challenging in his Rule 60(b) motion only “some defect in the integrity of the federal habe-as proceedings” that precluded a merits determination, id. at 532, 125 S.Ct. 2641, as the majority necessarily concludes, what purpose would it serve for Parham to include “new” evidence of his innocence?
The only purpose I can discern is the obvious one — to convince the District *189 Court that he is actually innocent. Having already litigated his actual innocence in his first federal habeas petition, there is no doubt that AEDPA applies to any successive attempts to demonstrate his innocence. See 28 U.S.C. § 2254(b)(2)(B)(ii). Parham’s motion “seeks vindication of ... a claim [that] is, if not in substance a ‘habeas corpus application,’ at least similar enough that failing to subject it to the same requirements would be ‘inconsistent with’ [§ 2244(b)].” Gonzalez, 545 U.S. at 531, 125 S.Ct. 2641. The majority’s decision, however, condones the practice of litigants who continue to foist ever-evolving evidence of their actual innocence upon district courts, under the rubric of Rule 60(b), without paying even lip service to AEDPA. Equally troubling is the prospect that a district court would be moved by this “new” evidence of an inmate’s actual innocence. If this evidence were presented in a Rule 60(b) motion, would a district court reconsider its previous rejection of the inmate’s actual innocence claim or suggest that the inmate file a successive habeas petition? Either of these situations would be untenable.
Even assuming Gonzalez does not definitively resolve whether Parham’s Rule 60(b) motion constituted a successive habe-as, our decision in Blystone v. Horn, 664 F.3d 397, 413 (3d Cir.2011), removes any remaining doubt. In Blystone, an inmate filed a Rule 59(e) motion seeking to present newly discovered evidence to support a claim of prosecutorial misconduct related to the guilt phase of his capital trial. 664 F.3d at 409. On appeal from the denial of the motion, we addressed whether the inmate’s Rule 59(e) motion presented a claim under AEDPA and, if so, whether that claim had to be brought in a successive habeas petition. Id. at 411.
Applying Gonzalez, we determined that “a motion ‘seeking leave to present newly discovered evidence in support of a claim previously denied’ advances a claim and is, therefore, a habeas corpus petition.” Id. at 413 (quoting Gonzalez, 545 U.S. at 531, 125 S.Ct. 2641). As we noted, the inmate “made evident his purpose to seek vindication of previously denied claims through the presentation of new evidence,” id., “ ‘by taking steps that lead inexorably to a merits-based attack on the prior’ judgment on his habeas petition,” id. (quoting Post v. Bradshaw, 422 F.3d 419, 424-25 (6th Cir. 2005)).[6]
Parham’s case is analytically no different from Blystone. By presenting new evidence of his actual innocence and arguments to support the weight of this evidence, Parham laid the groundwork for a challenge to the District Court’s previous rejection of his actual innocence claim. Further underscoring Parham’s clear intent in his Rule 60(b) motion is the fact that we already denied Parham’s request to pursue his actual innocence claim through a successive habeas petition. With this required avenue of relief closed, Parham now seeks to do under Rule 60(b) what he could not do through the mandates of AEDPA.
As a result, I cannot avoid the conclusion that Parham attempted to advance a claim that must be brought in a successive habeas petition. Because Parham did not seek leave in this Court to file his successive habeas petition, the District Court should have dismissed the Rule 60(b) mo *190 tion for lack of jurisdiction, and we, in turn, have no jurisdiction over this appeal. See Blystone, 664 F.3d at 412 (“A petitioner’s failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar.” (internal quotation marks and citation omitted)). As such, I am compelled to respectfully dissent.

. Notably, in his briefing, Parham omitted any reference to our denial of his previous request to file a successive habeas petition to press his actual innocence claim.

. Parham did not identify under which provision of Rule 60(b) he sought relief.

. AEDPA imposes certain procedural and substantíve requirements on successive habe-as petitions. First, a claim that has already been adjudicated by the district court on the merits must be dismissed. Second, a claim that has not already been adjudicated by the district court on the merits must be dismissed unless: (a) it relies on either a new and retroactive rule of constitutional law or reasonable diligence could not have uncovered the factual predicate to support the claim; and (b) there is clear and convincing evidence of actual innocence. Finally, a district court cannot consider a successive habeas petition until the court of appeals determines that a prima facie showing has been made on the first and second requirements. See 28 U.S.C. § 2244(b)(l)-(3).

. Of course, Parham ignores the fact that, in determining that his first habeas petition was untimely, the District Court reasoned that Parham was not entitled to equitable tolling based on actual innocence. This conclusion was made possible only because the District Court considered Parham’s actual innocence evidence and found it to be unconvincing.

. I also recognize that Parham’s claim of actual innocence “does not by itself provide a basis for relief.” Schlup, 513 U.S. at 315, 115 S.Ct. 851. Instead, Parham must make the requisite showing of actual innocence as a gateway to reviving his defaulted constitutional claim. Id.

. Although the inmate’s Rule 59(e) motion presented a claim under AEDPA, we ultimately concluded that the motion was not a successive habeas petition because the inmate proceeded pursuant to Rule 59(e), not Rule 60(b). Blystone, 664 F.3d at 413-14. Because Parham proceeded under Rule 60(b), this would not prevent his Rule 60(b) motion from being a successive habeas petition.